24-10583

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

# UNITED STATES OF AMERICA,
*Plaintiff Appellee,*

V.

# LUIS EDUARDO NAVARRETE,
*Defendant Appellant.*

On Direct Appeal from the United States District Court
for the Northern District of Texas
Dallas Division

# APPELLANT'S REPLY BRIEF

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

s/ *Maria Gabriela Vega*
**M. GABRIELA VEGA**
ASSISTANT FEDERAL PUBLIC DEFENDER
Tex. Bar No. 24084014
525 S. Griffin St., Ste. 629
Dallas, TX 75202
(214) 767-2746
Gabriela_Vega@fd.org
*Counsel for Luis Eduardo Navarrete*

# TABLE OF CONTENTS

Table of Contents..................................................................................ii

Table of Authorities ........................................................................... iii

Argument ............................................................................................. 1

    I.      Irrespective of whether it upwardly departed or varied, the court reversibly erred when it improperly punished Navarrete for causing V.D.'s death............................................... 1

    II.    Even so, the government's claim that its request for an upward departure did not rely on V.D.'s death strains credulity. ..................................................................................... 3

Conclusion............................................................................................ 6

Certificate of Service ......................................................................... 7

Certificate of Compliance ................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*United States v. Hudgens,*
  4 F.4th 352 (5th Cir. 2021) ................................................................ 1

*United States v. Ibarra-Luna,*
  628 F.3d 712 (5th Cir. 2010).............................................................2

*United States v. Mecham,*
  950 F.3d 257 (5th Cir. 2020)..............................................................2

**Federal Statutes**

USSG §5K2.1 .................................................................................. 1, 3

# ARGUMENT

## I. Irrespective of whether it upwardly departed or varied, the court reversibly erred when it improperly punished Navarrete for causing V.D.'s death.

"There is a distinction…between improperly punishing [a defendant] for causing [a victim]'s death and considering [the defendant]'s behavior in the face of [the victim]'s fatal intoxication and under the totality of the circumstances." *United States v. Hudgens*, 4 F.4th 352, 360 (5th Cir. 2021). Navarrete's appeal asks this Court to decide whether the district court strayed beyond "the outer limits of [its] discretion" and fell on the wrong side of *Hudgens*'s line when it sentenced him. Navarrete Br. iii, 2. Section 5K2.1's application to Navarrete's offense may inform — but does not define — this inquiry.

Yet the government's primary argument for affirmance is that the court varied upward rather than departed upward under USSG §5K2.1. Gov't Br. 11, 14–18, 22. The nature of the court's sentence as a variance or departure, however, is beside the point. The court erred when it featured V.D.'s death in Navarrete's sentencing calculus because Navarrete's offense was not a but-for cause of V.D.'s death, the death resulted from Soliz's independent criminal conduct, Navarrete's participation in

the conspiracy with Soliz was far too attenuated from V.D.'s death to punish Navarrete for V.D.'s death, and the court weighed V.D.'s and J.P.'s deaths equally despite the significant difference in Navarrete's criminal conduct. Navarrete Br. 18–24. None of these arguments rely on the court's sentence being an upward departure. In short, the government's insistence that the court varied rather than departed upward fails to respond to the errors that Navarrete raises.

For the same reason, the government's harmlessness argument is unavailing. Gov't Br. 22. "To show a sentencing error is harmless, the government must 'convincingly demonstrate[ ] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing.'" *United States v. Mecham*, 950 F.3d 257, 268 (5th Cir. 2020) (quoting *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010)). Even assuming an upward variance, the government agrees that the court factored in V.D.'s death in its sentence. *See* Gov't Br. 16–18. Thus, this Court cannot excuse the errors raised due to harmlessness.

**II.** **Even so, the government's claim that its request for an upward departure did not rely on V.D.'s death strains credulity.**

The government moved below for an upward departure, not an upward variance. ROA.323-38. And the court explained its sentence as resulting from the grant of the government's upward departure motion. ROA.301-02. "[O]nly J.P. and A.Z. were discussed in the section of the motion requesting a departure under USSG § 5K2.1," so even if the sentence was solely an upward departure, the government now claims that no error occurred because the government did not move for an upward departure based on V.D.'s death. Gov't Br. 19–22.

This myopic argument wholly ignores the totality of the government's sentencing presentation. First, the written motion details V.D.'s death under a subheading titled: "Aggravating Facts Supporting Upward Departure." ROA.325-27. Second, at sentencing the government elicited testimony from TFO Ingram about V.D.'s death, submitted deeply personal photographs of V.D. as exhibits, and even circled back to V.D. later in Ingram's testimony to note for the court that V.D.'s mother was present. ROA.169-72, 192, 244-46. The government then concluded by urging that "based upon the testimony you heard here today,...I submit to the court

that you will never see a case before you again that screams for an upward departure more than this one and calls for a sentence of 240 months." ROA.212.

True, the government did not reiterate V.D.'s death in its written upward departure motion in the subsection titled "Argument." ROA.332-36. But fairly read, the government did not repeat V.D.'s death in that section because V.D.'s death was not useful for illustrating the government's additional point in that section: that Navarrete continued with his offense despite personal notification of overdoses. *See* Gov't Br. 17. Indeed, if the government was not relying on V.D.'s death to justify its upward departure, why would the government present V.D.'s death to the district court in its written motion and at sentencing at all? The government provides no answer.

Truth is, to say that the government did not rely on V.D.'s death simply because it did not emphasize the death in a subsection of its written motion strains credulity. The government presented V.D.'s death as a fact that supported an upward departure in its written motion, elicited pages of testimony about V.D. at sentencing, and submitted emotionally charged exhibits relevant to her death too. The record is clear that the

government sought a 240-month upward departure based on all overdose

deaths, including V.D.'s; and that the court considered V.D.'s death when

it granted the government's upward departure motion.

## CONCLUSION

The district court improperly punished Navarrete for causing V.D.'s

death, so this Court should vacate and remand for resentencing.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas

*s/ Maria Gabriela Vega*
**M. GABRIELA VEGA**
Assistant Federal Public Defender
Texas Bar No. 24084014
525 Griffin St., Ste. 629
Dallas, Texas 75202
Phone 214.767.2746
Fax 214.767.2776
gabriela_vega@fd.org

# CERTIFICATE OF SERVICE

I certify that on January 8, 2025, I filed this brief electronically in the Court's ECF system. Opposing counsel has therefore been served under Fifth Circuit Rule 25.2.5. I also certify that: 1) any required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) this document has been scanned for viruses by Trend Micro Security Agent, a commercial virus scanning program, and it is free of viruses.

*s/ Maria Gabriela Vega*
**M. GABRIELA VEGA**

# CERTIFICATE OF COMPLIANCE

Under Rule 32(a)(7) of the Federal Rules of Appellate Procedure, I certify this brief complies with the length limitation announced in Rule 32(a)(7)(B), because it contains 837 words.

This brief complies with the typeface and type style requirements because it has been prepared in Microsoft Word using the proportionally spaced typeface Century Schoolbook, in a 14-point font size in the body of the brief, and a 12-point font size in the footnotes.

I understand that a material misrepresentation in completing this certificate, or circumvention of the length limitations in Federal Rule of Appellate Procedure 32(a)(7), may result in the Court striking the brief and imposing sanctions.

*s/ Maria Gabriela Vega*
**M. GABRIELA VEGA**
